**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JAMES ALEVRAS, SR. a/k/a KESHIA S. ALEVRAS, ) Plaintiff, ) ) v. ) COMMONWEALTH OF MASSACHUSETTS, ) Defendant. ) | Civil Action No. 24-CV-11962-AK |

ORDER ON APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES OR COSTS, MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, AND LEAVE TO AMEND THE COMPLAINT

**ANGEL KELLEY, D.J.**

Before the Court is Plaintiff James Alevras' ("Alevras") Application to Proceed Without Prepayment of Fees and Affidavit ("the Application") [Dkt.2], Motion of Court Cost and Waive Fees ("Motion to Waive Fees") [Dkt. 6], and Motion to Appoint Counsel Pro Bono Attorney Request ("Motion to Appoint Pro Bono Counsel") [Dkt. 7].  After reviewing the Application, Motion to Waive Fees, and Motion to Appoint Pro Bono Counsel, the Court rules as follows:

1. **The Application to Proceed *In Forma Pauperis* and Motion to Waive Fees**

Alevras' Application and Motion to Waive Fees are each hereby **DENIED** without prejudice because Alevras has not included a prison account statement for the six months prior to the date of the filing of the complaint.  "A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately

1

preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  For Alevras, the relevant 6-month period is January 10, 2024, to July 10, 2024.  Accordingly, Alevras shall by August 20, 2024, either: (a) pay the $405 filing and administrative fee; or (b) file a renewed and complete motion to proceed in forma pauperis that includes a complete prisoner account for the relevant 6-month period.  Otherwise, this action will be dismissed for failure to pay the filing and administrative fee. The Clerk is directed to provide Alevras with a Form AO 240.

## 2.  The Motion for Appointment of Counsel

Alevras' Motion for Appointment of Counsel is **DENIED** without prejudice because Alevras has not demonstrated eligibility to proceed in forma pauperis, nor extraordinary circumstances warranting the appointment of counsel under 28 U.S.C. § 1915(e).  Pursuant to 28 U.S.C. §1915(e)(1), while the Court "may request an attorney to represent any person unable to afford counsel," it is well settled that "[t]here is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  The First Circuit has held that a court's denial of a motion to appoint counsel is subject to reversal if: (1) a plaintiff is indigent; and (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. Id.; 28 U.S.C. § 1915(e)(1).  "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id.  At this stage of the proceedings, the motion is premature because Alevras has not demonstrated eligibility to proceed in forma pauperis.  Furthermore, even if Alevras is indigent, Alevras has not yet demonstrated "exceptional circumstances" that warrant appointment of counsel.

2

### 3.  Screening the Complaint

Alevras' Complaint is subject to screening pursuant to 28 U.S.C. § 1915A, and the Complaint will be dismissed as to the Commonwealth of Massachusetts and the action dismissed in its entirety, unless Alevras by August 20, 2024 files an amended complaint that: (1) establishes consent to, or abrogation of, the Commonwealth of Massachusetts' immunity under the Eleventh Amendment; and/or (2) adds other viable claims and defendants.

Alevras is a prisoner as defined by 28 U.S.C. § 1915A(c); therefore, regardless of the payment of the filing fee, under federal law, the Court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" under 28 U.S.C. § 1915A(a). "On review, the Court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if Alevras "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  In conducting this review, the Court liberally construes Alevras' complaint because Alevras is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Here, the only named defendant is the Commonwealth of Massachusetts, a governmental entity, which in the absence of its consent to suit, or abrogation of immunity by Congress, enjoys immune from suit in federal court under the Eleventh Amendment.  See Doe v. Shibinette, 16 F.4th 894, 903 (1st Cir. 2021).  The Court discerns no such consent or abrogation on the face of the complaint.  Consequently, absent claims made against any additional individual defendants, the action is subject to dismissal.  The Court takes no position on the merits of any other potential claims or defendants.  Accordingly, Alevras is granted leave to file an amended complaint by

August 20, 2024; otherwise, the action will be dismissed.  The Court will review any further filings pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.

      4.      Summonses shall not issue pending further order of the Court.

      5.      Failure to comply with this order will likely result in dismissal of this action.

**SO ORDERED.**

Dated: August 6, 2024

/s/ Angel Kelley_____
Hon. Angel Kelley
United States District Judge